UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| B. PAT ALVAREZ,<br><br>          Plaintiff,<br><br>vs.<br><br>ANC RENTAL CORPORATION, a Delaware corporation doing business as ALAMO; ALAMO RENTAL (US) INC., a Delaware corporation; VANGUARD CAR RENTAL USA, INC., a Delaware corporation; VANGUARD CAR RENTAL CLAIMS, INC., a Delaware corporation; ALMA ARELLANO, an individual; and DOES I through X, inclusive; and ROES I through X, inclusive,<br><br>          Defendants. | 02:05-CV-0803-LRH (PAL)<br><br>ORDER |

Presently before this Court is a motion to remand (#9[1]) brought by Plaintiff B. Pat Alvarez ("Alvarez"). Defendants, Vanguard Car Rental USA, Inc., Vanguard Car Rental Claims, Inc. And Alma Arellano[2] (collectively "Defendants") have submitted an opposition (#14), to which Plaintiff subsequently replied (#15).

**FACTUAL AND PROCEDURAL BACKGROUND**

The present case arises out of Alavarez's allegedly tortious discharge from her position with Alamo based on her sexual orientation. Alvarez filed her complaint in state court, alleging a

---

[1] References to (# XX) refer to the Court's docket.

[2] Defendants ANC Rental Corporation and Alamo Rental (US), Inc. have been dissolved and are no longer conducting business. Defendant Vanguard purchased the majority of each company before it was dissolved and therefore stands as each company in the pending litigation.

violation of Nevada Revised Statute section 613.330, as well as claims of slander, slander per se, negligent hiring, retention and supervision, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. Defendants removed the case to this Court based on the argument that Alvarez was subject to the terms of a collective bargaining agreement and, therefore, that her claims were preempted by section 301 of the Labor Management Relations Act ("LMRA"). Alvarez has filed a motion to remand, contending that her claims are based solely on the sexual orientation discrimination and thus are not preempted.

## LEGAL STANDARD FOR MOTION TO REMAND

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. §1441(a).

The proper procedure for challenging removal is a motion to remand, and a federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996); *Gaus*, 980 F.2d at 567.

## DISCUSSION

Section 301 of the LMRA provides as follows:

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. §185(a). In *Textile Workers Union of Am. v. Lincoln Mills of Alabama*, the Supreme Court held that section 301 is more than a jurisdictional statute; it authorizes federal courts to

create federal law for the enforcement of collective bargaining agreements. 353 U.S. 448, 450-51, 456 (1957). Where applicable, section 301 completely preempts state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). In fact,

> the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.

*Franchise Tax Bd. of the State of California v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 23 (1983) (internal quotations omitted).

Section 301 preempts state law when the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988). However, employment disputes that only tangentially involve a provision of a collective bargaining agreement are not preempted by section 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993). Similarly, non-negotiable state-law rights and obligations that exist independently of private contracts are not preempted by section 301. *Ramirez*, 998 F.2d at 748. In cases where employment is governed by a collective bargaining agreement, the district court can look "beyond the face of the complaint to determine whether the . . . claim [is] in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction." *Young v. Anthony's Fish grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citing *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860-61 (9th Cir. 1987)).

"Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Galvez v. Kuhn*, 933 F.2d 773, 775-76 (9th Cir. 1991) (quoting *Caterpillar Inc.*, 482 U.S. at 392). Controversies arising under collective bargaining agreements are considered to be completely preempted by the LMRA when interpretation of the collective bargaining agreement is required. Accordingly, claims that seemingly exist only in state law may be removable to federal court based on the fact that they would be preempted by the LMRA. *Id.* at 756. What makes the present determination difficult for the Court is the fact that

1  "[j]urisdictional and preemption questions are . . . tightly intertwined; 'the issues of federal
2  preemption and removability largely merge.'" *Id.* (quoting *Smolarek v. Chrysler Corp.*, 879 F.2d
3  1326, 1329 (6th Cir. 1989)).  Without preemption, there is no jurisdiction.

4        Accordingly, in the present case, removal would be deemed appropriate if any claim
5  brought in state court by Alvarez would be preempted by the LMRA.[3]  "A state law claim is not
6  preempted under § 301 unless it necessarily requires the court to interpret an existing provision
7  of a C[ollective] B[argaining] A[greement] that can reasonably be said to be relevant to the
8  resolution of the dispute." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 693 (9th
9  Cir. 2001) (en banc).  Thus, to determine if removal was appropriate, the Court must determine
10  whether any claims require the interpretation of the collective bargaining agreement to proceed.

11        While both parties spend a large portion of their briefs discussion Nevada Revised Statute
12  section 613.330 and the claims based on sexual orientation discrimination, it appears both parties
13  agree that most of those claims are based purely on state law and would not provide the Court
14  with jurisdiction in this matter.  The Court has thus reviewed the remaining claims carefully to
15  determine whether any would require interpretation of the collective bargaining agreement.

16        Alvarez's sixth claim for relief alleges negligent hiring, retention and supervision on the
17  part of Defendants' management staff.  Specifically, Alvarez alleges that "Defendants owed a
18  general duty to use reasonable care in hiring, supervision and retention of employees, particularly
19  those vested with management powers" and that "Defendants' management employees engaged
20  in discriminatory actions including but not limited to the instruction to Plaintiff not to be seen
21  with another gay employee, failure to properly investigate the fabricated charges against Plaintiff,
22  and the disciplinary action that was administered to Plaintiff." Compl. at 9.  Thus, Alavarez's
23  claim necessarily relies on the duties owed to her by management regarding the hiring and firing

---

[3] While the Court may need to discuss various claims brought by Alvarez to dispose of this matter, at this time the Court makes no determination as to the merits of any claims noted. In addition, the Court, in the interest of passing only on questions presently before it, has not extended itself to defining each and every claim brought before it at this time. The Court has reviewed each claim, but only raises those on which it must rely to dispose of this matter.

of employees and the administration of the companies disciplinary proceedings.

      The collective bargaining agreement at issue provides that "[a]ll management rights . . . shall remain vested exclusively in the Company. It is expressly recognized that such rights . . . are by no means whatever limited to . . . the direction of the workforce, including . . . hiring . . . suspending . . . discharging . . . laying off . . . and transferring . . . employees . . . ." Defs.' Opp'n to Pl.'s Mot. to Remand Matter to State Ct., Exhibit 1 at 2-3. In addition, the collective bargaining agreement provides that "[n]o disciplinary action will be taken without just cause." *Id.* at 4.

      Thus, to determine whether Defendants were negligent in the supervision of their management level employees, the Court will be required to interpret the collective bargaining agreement to determine the duty owed to Alvarez as defined by the rights reserved to Defendants to manage the direction of the workforce. This analysis will also require interpreting the collective bargaining agreement to determine the meaning of "just cause" when considering whether Defendants were negligent in not protecting Alvarez from the demotion she suffered after what she alleges was a sham investigation of the claims against her. As such, the sixth claim for relief requires the Court to interpret the provisions of a collective bargaining agreement and therefore would be preempted by the LMRA, conferring jurisdiction in this Court.[4]

///
///
///
///
///
///
///

---

[4] The Court, however, will not dismiss the claim as preempted at this time as there has been no motions, nor requests, to dismiss any claims at this stage. The Court simply holds that jurisdiction exists in federal court based on the necessary interpretation of the collective bargaining agreement in the sixth claim for relief.

**CONCLUSION**

Jurisdiction exists in the federal courts through the sixth claim for relief's preemption by section 301 of the Labor Management Relations Act.

It is therefore ORDERED that the Alvarez's Motion to Remand (#9) is DENIED.

DATED this 29th day of December, 2005.

_____
LARRY R. HICKS
United States District Judge